## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BANK OF AMERICA, N.A., | |
| Plaintiff, | |
| | Civil Action No. 07-4536 (JAG) |
| v. | |
| | **OPINION** |
| ROBERT J. HEWITT, | |
| Defendant. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion for entry of default judgment against defendant Robert J. Hewitt ("Hewitt") by plaintiff Bank of America, N.A. ("Bank of America" or "Plaintiff"), pursuant to FED. R. CIV. P. 55(b)(2). For the reasons stated below, this motion shall be denied.

### I. FACTS

Bank of America has a properly perfected security interest in a 1994 Maule aircraft, model number MX-7-160, serial number 19023C, Federal Aviation Administration ("FAA") registration number N3034V (the "Aircraft"). (Decl. of Martin Smith ("Smith Decl.") at ¶ 2.) The Aircraft was owned by David A. Baston ("Baston"). (Id. at ¶ 3.) After Baston's death, the Aircraft was surrendered voluntarily to Plaintiff by an authorized representative of Baston's estate, so that Plaintiff could liquidate the Aircraft in accordance with applicable law. (Id.)

After reviewing the FAA records for the Aircraft, Bank of America discovered that on October 14, 2005, Hewitt recorded a "Mechanic's or Materialman's Lien Statement" with respect

to the Aircraft (the "Hewitt Lien").  (Id. at ¶ 4.)  Hewitt claims an interest in the Aircraft by way of a verbal lease or purchase agreement.  (Id.)  As a result of this verbal agreement, Hewitt claims to have advanced money to Baston for the benefit of the Aircraft.  (Id.)  At no time did Hewitt provide the necessary service or products to benefit the Aircraft.  (Id. at ¶ 6.)

Plaintiff filed a Complaint against Hewitt on September 21, 2007, seeking a declaratory judgment that Plaintiff has a superior security interest and priority lien on the Aircraft to that of Hewitt.  Plaintiff asks this Court to direct Hewitt to release his lien on the Aircraft, or invalidate Hewitt's lien on the Aircraft.  Plaintiff also seeks the award of reasonable attorneys' fees and costs.

## II. LEGAL STANDARD

Rule 55(b)(2) states:

> In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

"It is well settled . . . that the entry of a default judgment is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the

complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). The district court may conduct a hearing to determine the damage amount. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944).

### III. JURISDICTION

Before entering a default judgment against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that subject matter jurisdiction is proper under 28 U.S.C. § 1331. This

action involves a federal question, namely, the interpretation of 49 U.S.C. §§ 44107, 44108.  This Court also has personal jurisdiction over Defendant, since Defendant is a resident of the state of New Jersey.  Williams, 802 F.2d at 1203.

### IV.  ANALYSIS

Plaintiff has failed to set forth sufficient information showing its entitlement to the requested relief.  A party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant is technically in default.  E.I. Du Pont de Nemours & Co. v. The New Press, Inc., No. 97-6267, 1998 WL 159050, at *2 (E.D. Pa. Mar. 16, 1998).  "Before entering a judgment by default, a court must examine the complaint to determine whether the plaintiff has stated a cognizable claim.  Such a judgment may be entered only for relief to which plaintiff is entitled based upon his factual allegations."  Berman v. Nationsbank of Del., N.A., No. 97-6445, 1998 WL 88342, at *1 (E.D. Pa. 1998) (citing Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858 (1989)).

The Complaint alleges that, "pursuant to 49 U.S.C. [sic] 44107, 44108 and other statutes, a mechanic's or materialman's lien may only be imposed against an aircraft if actual work is performed on the aircraft to repair it or its equipment, or if product is supplied for the benefit of the aircraft."  (Compl. ¶ 5.)  49 U.S.C. § 44108 includes a choice of law provision which states that "[t]he validity of a conveyance, lease, or instrument that may be recorded under section 44107 of this title is subject to the laws of the State, the District of Columbia, or the territory or possession of the United States at which the conveyance, lease, or instrument is delivered . . . ."  49 U.S.C. § 44108(c)(1); see also Sanders v. M.D. Aircraft Sales, Inc., 575 F.2d 1086, 1088 (3d

Cir. 1978) ("while Title V of the Federal Aviation Act of 1958 had adopted a federal recording system, it had left to state law the legal effect of a recorded instrument.").  Plaintiff does not point to the applicable statute that enunciates this rule of law.  After examining Plaintiff's default judgment motion papers, this Court finds that it is unclear which state law would apply in this case.  Since Plaintiff has not articulated which state law nullifies the Hewitt Lien, this Court cannot determine whether Plaintiff is entitled to the relief which it seeks.

## V.  CONCLUSION

For the reasons stated above, this Court shall deny Plaintiff's motion for default judgment, but shall grant Plaintiff leave to file an amended motion for default judgment setting forth sufficient information supporting Plaintiff's entitlement to a declaratory judgment invalidating Defendant's lien on the Aircraft.

 S/Joseph A. Greenaway, Jr.
 JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 7, 2008