NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, N.A., | |
|     Plaintiff, | |
| v. | Civil Action No. 07-4536 (JAG) |
| ROBERT J. HEWITT, | OPINION |
|     Defendant. | |

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court on an amended motion for entry of default judgment against defendant Robert J. Hewitt ("Hewitt" or "Defendant") by plaintiff, Bank of America, N.A. ("Bank of America" or "Plaintiff"), pursuant to FED. R. CIV. P. 55(b)(2). For the reasons stated below, this motion shall be granted.

**I. FACTS**

    Bank of America has a properly perfected security interest in a 1994 Maule aircraft, model number MX-7-160, serial number 19023C, Federal Aviation Administration ("FAA") registration number N3034V (the "Aircraft"). (Decl. of Martin Smith of Bank of America, N.A. Pursuant to 28 U.S.C. § 1746 In Support of Pl.'s Mot. for Entry of Default J. [hereinafter "Smith Decl."] ¶ 2.) The Aircraft was owned by David A. Baston ("Baston"). (Id. at ¶ 3.) After Baston's death, the Aircraft was surrendered voluntarily to Plaintiff by an authorized

1

representative of Baston's estate, so that Plaintiff could liquidate the Aircraft in accordance with applicable law. (Id.)

After reviewing the FAA records for the Aircraft, Bank of America discovered that on October 14, 2005, Robert J. Hewitt recorded a "Mechanic's or Materialman's Lien Statement" ("Hewitt Lien") with respect to the Aircraft ( Id. at ¶ 4.) Hewitt claims an interest in the Aircraft by way of a verbal lease or purchase agreement. (Id.) As a result of this verbal agreement, Hewitt claims to have advanced money to Baston for the benefit of the Aircraft. (Id.) At no time did Hewitt provide any service or products to benefit the Aircraft. (Id. at ¶ 6.)

Plaintiff filed a Complaint against Hewitt on September 21, 2007, seeking a declaratory judgment that Plaintiff has a superior security interest and priority lien on the Aircraft to that of Hewitt. (Docket Entry No. 1.) A copy of this complaint, along with a summons, was served on Hewitt on April 30, 2008. (Docket Entry No. 11.) After Hewitt failed to respond to the summons, Plaintiff filed a request with the Clerk for entry of default against Hewitt. (Docket Entry No. 12.) This request was granted and the Clerk entered default against Hewitt on June 3, 2008.

Plaintiff subsequently sought default judgment on July 1, 2008. (Docket Entry No. 13.) This Court denied Plaintiff's initial motion due to insufficient grounds demonstrating its entitlement to the requested relief.[1] (Docket Entry No. 15.) Plaintiff has now amended its motion for entry of default judgment. (Docket Entry No. 17.)

---

[1] Specifically, Plaintiff had failed to identify which state law would apply in this case, pursuant to the requirements of 49 U.S.C. §§ 44107, 44108. In its current motion, Plaintiff has identified N.J. STAT. ANN. § 2A:44-2(a) as the applicable law.

## II. LEGAL STANDARD

Rule 55(b)(2) states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

"It is well settled . . . that the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. V. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones

v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). The district court may conduct a hearing to determine the damage amount. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 190 F.3d 105, 111 (2d Cir. 1997). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944).

### III. JURISDICTION

Before entering a default judgment against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that subject matter jurisdiction is proper under 28 U.S.C. § 1331. This action involves a federal question, namely, the interpretation of 49 U.S.C. §§ 44107, 44108. This Court also has personal jurisdiction over Defendant, since Defendant is a resident of the state of New Jersey. Williams, 802 F.2d at 1203.

### IV. ANALYSIS

Defendant has failed to appear, or otherwise plead, in response to the Complaint, which was filed on September 21, 2007 and served on Defendant on April 30, 2008. (Docket Entry No. 1, 11.) Plaintiff appropriately filed an application for entry of default with this Court (Docket Entry No. 12), prior to filing its motion for entry of default judgment and its amended motion for entry of default judgment (Docket Entry Nos. 13, 17.) This Court finds that default judgment is

4

appropriate, pursuant to FED. R. CIV. P. 55 (b)(2), on all counts of the complaint.

## V. RELIEF

Plaintiff seeks a declaratory judgment in its favor, stating that Plaintiff has a security interest and priority lien on the subject Aircraft superior to that of Defendant, and ordering Defendant to release his lien on the Aircraft. Pursuant to 49 U.S.C. § 44108, the validity of a lease of an aircraft is subject to the laws of the state to which the lease is delivered. Additionally, pursuant to N.J. STAT. ANN. § 2A:44-2(a), a mechanic's lien on an aircraft is superior to all other liens when it is made by an aircraft mechanic, airport operator, or hangar operator. Based on the facts presented in this case, in particular – the lease of the Aircraft being conveyed to Defendant in New Jersey, and Defendant, as the lessee of the Aircraft, not falling under the definition of an aircraft mechanic, airport operator, or hangar operator, pursuant to N.J. STAT. ANN. § 2A:44-1 – this Court finds that Defendant's lien on the Aircraft is not a mechanic's lien and is therefore not superior to Plaintiff's lien. This Court finds that the aforementioned relief is appropriate.

## VI. CONCLUSION

For the reasons set forth above, this Court shall grant Plaintiff's motion for default judgment and provide Plaintiff with declaratory judgment, superior security interest and priority lien on the Aircraft, and direction to Defendant to release his lien on the Aircraft.

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: June 9, 2009